

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| **STEPHANIE KELLY,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| **v.** | ) | Civil No. _____ |
| | ) | |
| **JOHN FORMELLA, solely in his official** | ) | |
| **capacity as Attorney General of the** | ) | |
| **State of New Hampshire,** | ) | |
| | ) | |
| **ALLEN ALDENBERG, solely in his official** | ) | |
| **capacity as Chief of Police of the** | ) | |
| **city of Manchester, NH,** | ) | |
| | ) | |
| **KIMBERY CHABOT, solely in her official** | ) | |
| **capacity as a circuit judge of the** | ) | |
| **New Hampshire Judicial Branch** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

## COMPLAINT FOR CIVIL RIGHTS VIOLATIONS AND DECLARATORY AND INJUNCTIVE RELIEF

---

### INTRODUCTION

This is a complaint challenging the constitutionality of NH RSA 633:3-a and NH RSA 173-B both facially and as-applied in plaintiff's case. Plaintiff seeks a declaratory judgment, and injunctive relief enjoining defendants from enforcing the statutes.

- 1 -

## PARTIES

1. Plaintiff Stephanie Kelly is a resident of Manchester, NH.

2. Defendant John Formella is the Attorney General of the State of New Hampshire. He is named as a defendant solely in his official capacity.

3. Defendant Peter Marr is the Police Chief for the City of Manchester, New Hampshire. He is named as a defendant solely in his official capacity.

4. Defendant Kimberly Chabot is a judge of the New Hampshire Circuit Court. She is named as a defendant solely in her official capacity.

## JURISDICTION AND VENUE

5. This action arises under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343.

6. Declaratory relief is authorized by 28 U.S.C. § 2201 and 28 U.S.C. § 2202.

7. Defendants are public officials of the State of New Hampshire. Defendants reside within this District and/or perform official duties within the State of New Hampshire. This Court, accordingly, has personal jurisdiction over the Defendants.

8. Venue in the District of New Hampshire is based on 28 U.S.C. § 1391(b).

## FACTS

9. This case arises out of Plaintiff's attempts to obtain a civil stalking order against Ashley Foster, in several New Hampshire state court proceedings.

10. Rather than grant Plaintiff a restraining order against Ms. Foster, the court granted a restraining order for Ms. Foster against Plaintiff.

11. Plaintiff has now been forced to pay Ms. Foster for 40 hours in lost wages, which Plaintiff cannot afford. The lost wages are for the hearings A.F. attended for plaintiffs temporary stalking orders to be finalized, they were not finalized and as a result had all ready been accepted by Supreme court for appeal when A.Fs petition was filed and granted rewarding her lost wages f the hearings she attended for plaintiffs final orders.

## PARTIES

1. Plaintiff Stephanie Kelly is a resident of Manchester, NH.

2. Defendant John Formella is the Attorney General of the State of New Hampshire. He is named as a defendant solely in his official capacity.

3. Defendant Peter Marr is the Police Chief for the City of Manchester, New Hampshire. He is named as a defendant solely in his official capacity.

4. Defendant Kimberly Chabot is a judge of the New Hampshire Circuit Court. She is named as a defendant solely in her official capacity.

## JURISDICTION AND VENUE

5. This action arises under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343.

6. Declaratory relief is authorized by 28 U.S.C. § 2201 and 28 U.S.C. § 2202.

7. Defendants are public officials of the State of New Hampshire. Defendants reside within this District and/or perform official duties within the State of New Hampshire. This Court, accordingly, has personal jurisdiction over the Defendants.

8. Venue in the District of New Hampshire is based on 28 U.S.C. § 1391(b).

## FACTS

9. This case arises out of Plaintiff's attempts to obtain a civil stalking order against Ashley Foster, in several New Hampshire state court proceedings.

10. Rather than grant Plaintiff a restraining order against Ms. Foster, the court granted a restraining order for Ms. Foster against Plaintiff.

11. Plaintiff has now been forced to pay Ms. Foster for 40 hours in lost wages, which Plaintiff cannot afford.

12. Plaintiff is now afraid that if she does not pay Ms. Foster for forty hours in lost wages that she will be arrested and incarcerated for violating the restraining order that the court granted against Plaintiff.

## CAUSES OF ACTION

### COUNT ONE

13. Plaintiff alleges NH RSA 633:3-a is unconstitutionally vague, both facially and as-applied, under the Fourteenth Amendment.

14. Plaintiff seeks declaratory relief finding the statute unconstitutional.

15. Plaintiff seeks injunctive relief restraining and enjoining defendants from enforcing the statute.

### COUNT TWO

16. Plaintiff alleges NH RSA 633:3-a is unconstitutionally over-broad, both facially and as-applied, under the Fourteenth Amendment.

17. Plaintiff seeks declaratory relief finding the statute unconstitutional.

18. Plaintiff seeks injunctive relief restraining and enjoining defendants from enforcing the statute.

### COUNT THREE

19. Plaintiff alleges NH RSA 173-B is unconstitutionally vague, both facially and as-applied, under the Fourteenth Amendment.

20. Plaintiff seeks declaratory relief finding the statute unconstitutional.

21. Plaintiff seeks injunctive relief restraining and enjoining defendants from enforcing the statute.

## COUNT FOUR

22. Plaintiff alleges NH RSA 173-B is unconstitutionally over-broad, both facially and as-applied, under the Fourteenth Amendment.

23. Plaintiff seeks declaratory relief finding the statute unconstitutional.

24. Plaintiff seeks injunctive relief restraining and enjoining defendants from enforcing the statute.

## JURY TRIAL DEMAND

25. Plaintiff demands a trial by jury on all disputed issues of fact so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests relief as follows:

A) Issue preliminary and permanent injunctive relief restraining Defendants, their employees, agents, and successors in office from enforcing the statutes located at NH RSA 633:-a and NH RSA 173-b;

B) Declare that the statutes located at NH RSA 633:-a and NH RSA 173-b are unconstitutional facially and as applied under the Fourteenth Amendment's Due Process provisions to the United States Constitution;

C) Award Plaintiff her reasonable costs of suit and other expenses under 42 U.S.C. § 1988; and

D) Award such other relief as the Court deems just and equitable.

Respectfully submitted,

STEPHANIE KELLY

*Pro Se*

2 Pheasant Lane

Manchester, NH 03109

(603) 490-3785

November 27, 2023.