# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

Stephanie Kelly

     v.                                                    Case No. 23-cv-527-LM-TSM

NH Attorney General, et al

## **REPORT AND RECOMMENDATION**

     Pro se plaintiff Stephanie Kelly, proceeding in forma pauperis, filed a complaint (Doc. No. 1) pursuant to 42 U.S.C. § 1983 against the New Hampshire Attorney General, Chief of the Manchester Police Department, and Circuit Judge Kimberly Chabot, challenging the constitutionality of RSA 633:3-a and RSA chapter 173-B both facially and as-applied.  Plaintiff seeks declaratory and injunctive relief enjoining the defendants from enforcing those statues against her.  Her complaint is before the undersigned Magistrate Judge for preliminary review.  See LR 4.3(d)(2); see also 28 U.S.C. § 1915.  For the following reasons, the undersigned recommends the District Judge dismiss plaintiff's complaint for lack of subject matter jurisdiction.

### Preliminary Review Standard

     This court conducts a preliminary review of complaints filed in forma pauperis.  See 28 U.S.C. § 1915(e)(2).  Claims may be dismissed sua sponte, if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted.  See id.  In considering whether the complaint states a claim, the court determines if, stripped of legal conclusions and with all reasonable inferences construed in plaintiff's favor, the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief" upon which relief can be granted.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

1

(citation omitted).  In undertaking this review, the court is mindful that pro se complaints must be construed liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

<u>Background</u>

Plaintiff's claims arise out of her attempts to obtain a civil protective order against another individual, Ashley Foster.  The state court did not grant plaintiff's petition; however, the court granted Ms. Foster a restraining order against plaintiff.  Pursuant to that order, the court awarded Ms. Foster $650.00, which represented 40 hours in lost wages as compensation for the proceedings against Ms. Foster initiated by plaintiff.  In her complaint, plaintiff alleges that Ms. Foster attended hearings "for plaintiffs [sic] temporary stalking orders to be finalized, they were not … [and her petition had been] accepted by Supreme court [sic] for appeal when A.F.s [sic] petition was filed and granted rewarding her lost wages for the hearings she attended for plaintiffs [sic] final orders." Doc. No. 1, at 2.

Plaintiff does not allege Judge Chabot issued the restraining order against plaintiff; however, she contends that Judge Chabot "is trying to enforce [the] payment order & hold [plaintiff] in contempt for not paying $650 in lost wages for hearings attended for stalking order initiated by [plaintiff]." Doc. No. 4, at 1.  Plaintiff also asserts that she and Ms. Foster attended no more than three hours of hearings relevant to plaintiff's petition.  In plaintiff's "motion to expedite summons," she states that "Judge Chabot denie[d] motions to reconsider and [plaintiff would] like her to be restrained from enforcing the payment order." Id.

<u>Discussion</u>

I.  **<u>Rooker-Feldman Doctrine</u>**

Pursuant to the <u>Rooker</u>-<u>Feldman</u> doctrine, "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." <u>Tyler v. Sup. Jud. Ct.</u>, 914 F.3d 47, 50 (1st Cir. 2019) (quoting <u>Lance v. Dennis</u>, 546 U.S. 459, 463 (2006)).    As such,

> The [<u>Rooker</u>-<u>Feldman</u>] doctrine prevents losing litigants "from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights," as only the Supreme Court has jurisdiction to review the decision of a state court in civil litigation.

<u>Efreom v. McKee</u>, 46 F.4th 9, 17 (1st Cir. 2022) (quoting <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280, 284 (2005)), <u>cert. denied</u>, 143 S. Ct. 576 (2023); <u>see also</u> <u>D.C. Ct. App. v. Feldman</u>, 460 U.S. 462, 482 (1983); <u>Rooker v. Fid. Tr. Co.</u>, 263 U.S. 413, 416 (1923).  Application of the doctrine turns on whether the plaintiff's federal suit is "in effect, an end-run around a final state court judgment." <u>Klimowicz v. Deutsche Bank Nat'l Tr. Co.</u>, 907 F.3d 61, 66 (1st Cir. 2018). If, however, "a federal plaintiff presents an independent claim, even one that denies a state court's legal conclusion in a case to which the plaintiff was a party, there is jurisdiction . . . ." <u>Exxon Mobil Corp.</u>, 544 U.S. 280, 282 (2005); <u>see also</u> <u>Miller v. Nichols</u>, 592 F. Supp. 2d 191, 196 (D. Me. 2009) (recognizing an exception to the <u>Rooker-Feldman</u> doctrine where plaintiff's claims for money damages under Section 1983 and the ADA against state actors constituted an independent claim).

Here, the New Hampshire Supreme Court decided plaintiff's appeal of the state court proceedings underlying this action, and thus, the Circuit Court's ruling is final.  Accordingly, the plaintiff's claims fall squarely within the scope of the <u>Rooker-Feldman</u> doctrine.  Under these

circumstances, this Court lacks jurisdiction to consider plaintiff's challenge to the Circuit Court's decision.

## II.      Claims Against Judge Chabot

"[W]hen a judge carries out traditional adjudicatory functions, he or she has absolute immunity for those actions." Zenon v. Guzman, 924 F.3d 611, 616 (1st Cir. 2019); see also Mireles v. Waco, 502 U.S. 9, 11-12 (1991) (judicial immunity is overcome only for "actions not taken in the judge's judicial capacity" and "for actions, though judicial in nature, taken in the complete absence of all jurisdiction") (per curiam).   Judicial immunity from claims for money damages applies even when a judge's "actions are malicious, corrupt, mistaken, or taken in bad faith." Zenon, 924 F.3d at 616.  Further, "the Supreme Court has recognized that judicial immunity applies in the context of suits . . . that are brought under § 1983."  Id. (citing Pierson v. Ray, 386 U.S. 547, 554-55 (1967)).

In ruling on or approving the issuance of a protective order and any relevant awards, Judge Chabot, as a New Hampshire Circuit Court judge, is performing judicial functions in her judicial capacity and acting well within her court's jurisdiction.   Such conduct squarely entitles Judge Chabot to absolute immunity from liability for a Section 1983 damages claim.   Accordingly, the District Judge should dismiss Judge Chabot from this action.   Further, where plaintiff cannot cure the issue of judicial immunity, amendment would be futile, and plaintiff should not be permitted to file an amended complaint as to Judge Chabot.

## Conclusion

For the foregoing reasons, the District Judge should dismiss the claims asserted in the complaint.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2); LR 7.2(d).  The fourteen-day period may be

extended upon motion.  Failure to file objections within the specified time waives the right to

appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir.

2016).

   **SO ORDERED.**

_____
Talesha L. Saint-Marc
United States Magistrate Judge

April 26, 2024

cc:   Stephanie Kelly, pro se