UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Stephanie Kelly

    v.                                                                   Civ. No. 23-cv-527-LM-TSM

N.H. Attorney General, et al.

### REPORT AND RECOMMENDATION

Pro se plaintiff Stephanie Kelly, appearing in forma pauperis, filed a complaint against New Hampshire Attorney General John Formella, Manchester, N.H. Police Chief Allen Aldenberg, and New Hampshire Circuit Court Judge Kimberly Chabot, challenging the constitutionality and application of two New Hampshire statutes linked to state-court enforcement of domestic violence and stalking proceedings. Ms. Kelly seeks declaratory and injunctive relief declaring the statutes unconstitutional and enjoining their enforcement. Ms. Kelly's amended complaint ("Amd. Compl.") (Doc. No. 9) is before the undersigned magistrate judge for preliminary review, pursuant to LR 4.3(d)(2) and 28 U.S.C. § 1915(e)(2).[1] As explained more fully below, this case should be dismissed.

### BACKGROUND[2]

On or about June 4, 2022, Ms. Kelly's former intimate partner, Corey Rivers, allegedly assaulted her. Amd. Compl. (Doc. No. 9) ¶ 9. Approximately six weeks later, Mr. Rivers filed a

---

[1] Ms. Kelly filed this lawsuit on November 27, 2023. After the undersigned Magistrate Judge recommended dismissal (Doc. No. 5), Ms. Kelly filed a Motion for Judicial Notice of State Court Documents (Doc. No. 7), an Amended Complaint (Doc. No. 9) and an Objection to the Report and Recommendation (Doc. No. 10). In deference to Ms. Kelly's pro se status, the court, by separate Order, has vacated its prior report and recommendation, thereby mooting Ms. Kelly's objection. Furthermore, although the court denied Ms. Kelly's judicial notice motion without prejudice, the court will consider, in this report and recommendation, any of the appended state court documents relevant to preliminary review of her amended complaint.

[2] The facts recited herein are taken from Ms. Kelly's amended complaint, as well as the documents appended to her motion for judicial notice (Doc. Nos. 7, 7-1).

civil stalking petition against Ms. Kelly in state court. See Id. ¶ 10; RSA 633:3-a.. New Hampshire Circuit Court Judge Polly Hall – not a defendant in this case – granted Mr. Rivers' petition against Ms. Kelly on July 24, 2023. Id. ¶ 11. The New Hampshire Supreme Court affirmed Judge Hall's ruling on January 26. 2024. Id. ¶ 27; C.R. v. S.K., No. 2023-0491, 2024 WL 837940 (N.H. Jan. 26, 2024).[3]

Shortly thereafter, on or about July 26, 2023, Mr. Rivers filed a Landlord Tenant writ and eviction notice against Ms. Kelly, seeking to terminate her tenancy. Following a hearing before a Judicial Referee,[4] Judge Chabot, a defendant in this case, found in favor of Corey Rivers in the landlord tenant action. Id. ¶¶ 12-14.

In late September 2023, Ashley Foster, whom Ms. Kelly describes as Mr. Rivers's "more recent intimate partner," id., ¶ 16, filed a civil stalking petition against Ms. Kelly. Id. ¶ 17. Following a hearing on November 3, 2023, Judge Chabot found in favor of Ms. Foster, ruling that Ms. Kelly conducted a social media "smear campaign" against Ms. Foster and Mr. Rivers. Id. ¶ 23. Judge Chabot further ordered Ms. Kelly to pay Ms. Foster $640 (four days' pay) for losses suffered because of Ms. Kelly's stalking. Id. ¶ 24. In April 2024, Judge Chabot found Ms. Kelly in contempt for not having paid the $640 owed to Ms. Foster. A show cause hearing was held on

---

[3] Mr. Rivers was criminally indicted for the June 2022 assault against Ms. Kelly on February 15, 2024. Amd. Compl. (Doc. No. 9) ¶ 28. Although Ms. Kelly indicates that a dispositional conference was held on May 15, 2024, she does not indicate the present status of this case.

[4] Pursuant to RSA 493-A:1-a, II:

> A judicial referee may be assigned to take testimony, receive and review evidence, and make recommendations for findings of fact and conclusions of law in any court specified in paragraph I by the chief justice of the supreme court or superior court, from which the referee retired, or the administrative justice of any other court from which the referee retired. All recommendations of judicial referees shall be approved by a justice in regular active service or senior active service of the court to which the referee is assigned. The judge approving such recommendations shall certify that he or she has read the recommendations and agrees that the judicial referee has applied the correct legal standard to the facts determined by the judicial referee. . . .

May 24, 2024, but Ms. Kelly does not include the results of that hearing in her Amended Complaint.

On October 24, 2023, four days after an initial hearing on Ms. Foster's civil stalking petition, Mr. Rivers was arrested for violating a civil domestic violence restraining order that was put into place in July 2023. Id. ¶ 19; Pltff. Add. (Doc. No. 7-1) at 14-16. The arrest was based on Mr. Rivers attending the hearing on Ms. Foster's petition. Pltff. Add. (Doc. No. 7-1) at 14-22. Following a trial on the domestic violence order violation on May 9, 2024, Judge Chabot placed the complaint on file without a finding. The prosecution agreed to drop the criminal charges if Mr. Rivers "abide(s) by the terms of the protective order, has no contact with Stephanie Kelly (phonetic), and (c) remains of good behavior, no felonies or misdemeanors." Amd. Compl. (Doc. No. 9) ¶¶ 32-33; Pltff, Add. (Doc. No. 7-1) at 70-73. This disposition occurred several months after Mr. Rivers's assault indictment. Id.

**STANDARD OF REVIEW**

The magistrate judge conducts a preliminary review of pleadings, like Ms. Kelly's, that are filed in forma pauperis. See LR 4.3(d). The magistrate judge may recommend to the district judge that one or more claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2); LR 4.3(d). In conducting its preliminary review, the court construes pro se complaints liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). The court treats as true all well-pleaded factual allegations, and construes reasonable inferences in plaintiff's favor. See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011). An unrepresented plaintiff's complaint must be read liberally in this regard, see Donovan v. Maine, 276 F.3d 87, 94

(1st Cir. 2002), but must still contain "the crucial detail of who, what, when, where, and how" in order to provide fair notice of what the claims are and the grounds upon which they rest, Byrne v. Maryland, No. 1:20-cv-00036-GZS, 2020 WL 1317731, at *5 (D. Me. Mar. 20, 2020) (rec. dec.), aff'd, 2020 WL 2202441 (D. Me. May 6, 2020).

## DISCUSSION

In Count 1, Ms. Kelly claims that RSA 633:3-a ,[5] the statute Judge Chabot applied when finding against Ms. Kelly in Ms. Foster's civil stalking petition, is unconstitutionally vague, both facially and as-applied, in violation of Ms. Kelly's Fourteenth Amendment rights. Ms. Kelly asserts that the statute fails to provide fair notice of what is prohibited. She seeks a declaration finding the statute unconstitutional and injunctions restraining the defendants from enforcing the statute. The district judge should dismiss this count because it is barred by the doctrine of collateral estoppel, or issue preclusion.

---

[5] Pursuant to RSA 633:3-a:

> I. A person commits the offense of stalking if such person:
>
> (a) Purposely, knowingly, or recklessly engages in a course of conduct targeted at a specific person which would cause a reasonable person to fear for his or her personal safety or the safety of a member of that person's immediate family, and the person is actually placed in such fear;
>
> (b) Purposely or knowingly engages in a course of conduct targeted at a specific individual, which the actor knows will place that individual in fear for his or her personal safety or the safety of a member of that individual's immediate family; or
>
> (c) After being served with, or otherwise provided notice of, a protective order pursuant to RSA 173-B, RSA 458:16, or paragraph III-a of this section, or an order pursuant to RSA 597:2 that prohibits contact with a specific individual, purposely, knowingly, or recklessly engages in a single act of conduct that both violates the provisions of the order and is listed in paragraph II(a).

New Hampshire gives preclusive effect to an issue decided by a state-court judgment if:[6]

> (1) the issue subject to estoppel is identical in each action; (2) the first action resolved the issue finally on the merits; (3) the party to be estopped appeared in the first action or was in privity with someone who did; (4) the party to be estopped had a full and fair opportunity to litigate the issue; and (5) the finding at issue was essential to the first judgment.

Garod v. Steiner Law Office, PLLC, 161 A.3d 104, 107 (N.H. 2017).

Here, all the elements of collateral estoppel apply. Ms. Kelly was found liable under the statute in question, satisfying the first, third and fifth elements. The case was finally resolved when the New Hampshire Supreme Court affirmed the lower court's decision. Finally, Ms. Kelly could have raised her constitutional defenses in state court, and to the extent she desired further review, to the United States Supreme Court. Accordingly, the district judge should dismiss Count 1.

Count 2 should similarly be dismissed. In this count, Ms. Kelly asserts that RSA 633:3-a s unconstitutionally overbroad. As with her vagueness claim, Ms. Kelly could have raised these issues during the state court proceedings. Accordingly, the district judge should dismiss Count 2.

In Counts 3 and 4, Ms. Kelly asserts that RSA 173-B is both unconstitutionally vague (count 3) and overbroad (count 4). That statute outlines relief a court can grant in domestic violence cases "as is necessary to bring about a cessation of abuse." In addition, RSA 633:3-a, the stalking provision applied to Ms. Kelly's conduct towards Ms. Foster, explicitly provides that, upon a finding of stalking, "[t]he types of relief that may be granted . . . shall be the same as those set forth in RSA 173-B." RSA 633:3-a, III-a.

It is difficult to discern the precise contours of these two counts. It appears that Ms. Kelly is alleging that Judge Chabot had no authority to require Ms. Kelly to reimburse Ms. Foster for losses suffered because of Ms. Kelly's stalking. But, as with Counts 3 and 4, the appropriateness

---

[6] "Federal courts must give to state-court judgments the same preclusive effect as would be given by the courts of the state from which the judgments emerged." Johnson v. Mahoney, 424 F.3d 83, 93 (1st Cir. 2005).

of that order was affirmed by the New Hampshire Supreme Court and either was, or could have been, raised by Ms. Kelly in that court or the United States Supreme Court. Accordingly, Counts 3 and 4 are subject to collateral estoppel and should be dismissed.

Finally, in Count 5, Ms. Kelly asserts that Judge Chabot lacked jurisdiction to impose the requirement that she pay Ms. Foster $640. Amd. Compl. (Doc. No. 9) ¶ 76-79. Once again, this defense to Judge Chabot's Order could have been raised on appeal and is therefore barred by the collateral estoppel doctrine.

## CONCLUSION

Based on the foregoing, the district judge should dismiss the amended complaint (Doc. No. 9) as all of Ms. Kelly's claims were, or could have been, litigated in her state court cases and are therefore barred by collateral estoppel. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the objection(s) to this Report and Recommendation "are subject to review in the district court." Id. (cleaned up). Additionally, any issues "not preserved by such objection are precluded on appeal." Id.

                                                                    Talesha L. Saint-Marc
                                                                    United States Magistrate Judge

September 18, 2024

cc: Stephanie Kelly, pro se