UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| STEPHANIE KELLY, | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | Civil No. 1:23-cv-527-LM-TSM |
| | ) | |
| NH Attorney General, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**OBJECTION TO MAGISTRATE'S REPORT AND RECOMMENDATIONS**

NOW COMES Stephanie Kelly, *pro se*, and respectfully objects to the Magistrate's *Report and Recommendation* ([Doc 11](#)) filed September, 18, 2024. In further support thereof it is stated:

1. Plaintiff appears *pro se* and this pleading was drafted without the assistance of any professional counsel. Consequently, it should "be so construed as to do substantial justice." [Erickson v. Pardus, 551 U.S. 89, 94 (2007)](#).

2. The doctrine of "issue preclusion" or *collateral estoppel* bars *only* the re-litigation of specific issues that were *actually decided* in a previous case. [Dennis v. RI Hosp. Trust Nat. Bank, 744 F. 2d 893, 899 (1st Cir. 1984)](#).

3. "For claim preclusion to apply the two actions must share four identities: '(1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of persons and parties; and (4) identity of the quality [or capacity] of the persons for or against whom the claim is made." [Crowley Maritime Corporation v. National Union Fire Insurance Company of Pittsburg, PA., 3:16-cv-01011, (M.D. Fla. Feb. 8, 2018)](#). Further, "The party [emphasis added] asserting claim preclusion has the burden of proving [emphasis added] that the four identities exist and that the matter was formally adjudicated on the merits." [*Id*](#).

4. The Florida District Court's Order in *Crowley* was subsequently affirmed by the 11th Circuit in *Crowley Mar. Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 931 F.3d 1112 (11th Cir. 2019).

5. Plaintiff previously requested (Doc 13) that the Magistrate clarify *who* is the party claiming issue preclusion, but in her November 20, 2024 *Order* the Magistrate declined to do so.

6. Plaintiff also previously requested (Doc 13) that that the Magistrate identify *who* are the parties in this action for whom the doctrine of collateral estoppel allegedly applies, and any and all reason(s) why Plaintiff must bear the burden of proof to show that it does not, but in her November 20, 2024 *Order* the Magistrate declined to do so.

7. Further, "Collateral estoppel, or issue preclusion, applies when: '(1) the issue sought to be precluded in the later action is the same as that involved in the earlier action; (2) the issue was actually litigated; (3) the issue was determined by a valid and binding final judgment; and (4) the determination of the issue was essential to the judgment." *Latin Am. Music Co. v. Media Power Grp., Inc.*, 705 F.3d 34, 42 (1st Cir. 2013).

8. Plaintiff also previously requested (Doc 13) for the Magistrate also to clarify *with specificity* where in the state court record that is properly before this Court that the relevant issues before this Court were *previously actually litigated and determined by a valid and binding final judgment*. More specifically, the issues of (I) "whether NH RSA 633:3-a is unconstitutionally vague, both facially and as-applied, under the Fourteenth Amendment;" (II) "whether NH RSA 633:3-a is unconstitutionally over-broad, both facially and as-applied, under the Fourteenth Amendment;" (III) "whether NH RSA 173-B is unconstitutionally vague, both facially and as-applied, under the Fourteenth Amendment;" (IV) "whether NH RSA 173-B is unconstitutionally over-broad, both facially and as-applied, under the Fourteenth Amendment;" and (V) whether Judge Chabot acted in the complete absence of all subject matter jurisdiction – but in her November 20, 2024 *Order* the Magistrate declined to do so.

9. "[A] federal court [must] frame its orders so that those who must obey them will know what the court intends to require and what it means to forbid.

Because the [Magistrate's report] was not so framed, it cannot stand." *Longshoremen v. Philadelphia Marine Trade Assn.*, 389 U.S. 64, 76 (1967).

10. Further, if the Magistrate wished to assert that Plaintiff's claims were barred by collateral estoppel or issue preclusion, *she was required to have already done so in her initial report* (Doc 5). Parties must raise objections at the earliest opportunity, and failure to do so can result in waiver of those objections. *United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33 (1952).

11. Because the Magistrate did not even mention collateral estoppel or issue preclusion in her initial report (Doc 5), she subsequently waived her ability to do so in her second report (Doc 13). *L.A. Tucker Truck Lines*, 344 U.S. at 33.

12. Further, by the Magistrate's logic, it would be impossible for anyone to challenge the constitutionality of a state statute in federal court. Indeed, by the Magistrate's logic, all claims brought by the plaintiffs in *Local 8027, AFT-New Hampshire, AFL-CIO v. NH Department of Education, Commissioner* (1:21-cv-01077) ought to have been automatically barred in this court under the doctrines of collateral estoppel or issue preclusion because of her belief such claims can only be litigated in state court.

13. For the foregoing reasons, there appear to be two entirely different legal standards in this court – one in which two very similar complaints challenging the constitutionality of a state statute are treated completely differently depending on whether or not they are prepared with the *paid assistance* of a member of the bar.

14. Consequently, Plaintiff now further respectfully questions whether there has been any substantive or procedural violation of Plaintiff's Fourteenth Amendment procedural or substantive "due process" rights under color of LR 4.3(d)(2) and 28 U.S.C. § 1915(e)(2) by the Magistrate. *Cf. Neitzke v. Williams*, 490 U.S. 319 (1989).

15. Plaintiff therefore respectfully requests that this Court, at this time, now clarify whether there has been any <u>risk</u> of bias in the Magistrate's two reports (Doc 5 and Doc 13).

16. "[T]he objective standards implementing the Due Process Clause do not require proof of actual bias." *Caperton v. AT Massey Coal Co., Inc.*, 556 U.S. 868, 129 S.Ct. 2252, 2255 (2009). "Rather, the question is whether, 'under a realistic appraisal of psychological tendencies and human weakness,' the [Magistrate's] interest 'poses such a risk of actual bias or prejudgment that the practice must be forbidden if the guarantee of due process is to be adequately implemented.'" *Caperton* at 2255.

17. For the foregoing reasons, Plaintiff respectfully argues that the Magistrate has not offered any coherent reason that comports with Plaintiff's procedural and substantive due process rights under the Fourteenth Amendment why Plaintiff's claims cannot proceed.

18. For the foregoing reasons, this Court should reject the Magistrate's *Report and Recommendations* (Doc 11).

WHEREFORE, Plaintiff respectfully requests for this Court to:

A) Reject the Magistrate's *Report and Recommendations* consistent with ¶¶1-18 as previously set forth.

B) For other such relief as is just and equitable.

Respectfully submitted,

*/s/ Stephanie Kelly*

_____
STEPHANIE KELLY
    *Pro Se*
2 Pheasant Lane
Manchester, NH 03109
(603) 490-3785
c11h15no2darling@gmail.com

December 3, 2024.